**LEWIS BRISBOIS BISGAARD & SMITH LLP**
KATHERINE C. DEN BLEYKER, SB# 257187
  E-Mail: Katherine.DenBleyker@lewisbrisbois.com
VI N. APPLEN, SB# 273623
  E-Mail: Vi.Applen@lewisbrisbois.com
RAINA SINGER, SB# 323116
  E-Mail: Raina.Singer@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for PRONTO CALIFORNIA
GENERAL AGENCY, LLC., ARTHUR J.
GALLAGHER SERVICE COMPANY,
INC., ARTHUR J.GALLAGHER & CO.,
ARTHUR J. GALLAGHER & CO.
INSURANCE BROKERS OF
CALIFORNIA, INC., ARTHUR J.
GALLAGHER RISK MANAGMENT
SERVICES, INC., H&H AGENCY, INC.,
and DASHERS INSURANCE
SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JENNY M. LUNA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRONTO CALIFORNIA GENERAL AGENCY, LLC., a Delaware limited liability company; ARTHUR J. GALLAGHER SERVICE COMPANY, INC. a surrendered Delaware corporation; ARTHUR J. GALLAGHER & CO., a surrendered Delaware corporation; ARTHUR J. GALLAGHER & CO. INSURANCE BROKERS OF CALIFORNIA, INC., a California corporation; ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC. a Illinois corporation; H&H AGENCY, INC., a California corporation; DASHERS INSURANCE SERVICES, INC., a California corporation; and DOES 1 through 100, inclusive. | CASE NO.<br><br>[Los Angeles County Superior Court Case No. 20STCV11795]<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT**<br><br>Complaint Filed: March 24, 2020 |

4851-7713-9903.7

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

1    Defendants.

2

3    **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

4    **THE CENTRAL DISTRICT OF CALIFORNIA:**

5    PLEASE TAKE NOTICE that Defendants Pronto California General Agency,

6    LLC ("Pronto") and H&H Agency, Inc. ("H&H"), by and through their counsel,

7    remove to this Court the civil action in the Superior Court of the State of California

8    for the County of Los Angeles, titled Jenny M. Luna, on behalf of herself and all

9    others similarly situated v. Pronto California General Agency, LLC, Arthur J.

10   Gallagher Service Company, Inc., Arthur J. Gallagher & Co., Arthur J. Gallagher &

11   Co. Insurance Brokers of California, Inc., Arthur J. Gallagher Risk Management

12   Services, Inc., H&H Agency, Inc., Dashers Insurance Services, Inc., and DOES 1

13   through 100, inclusive, Case No. 20STCV11795, pursuant to 28 U.S.C. §§ 1332,

14   1441, 1446, and 1453.

15   **I.    STATUS OF THE PLEADINGS**

16   1.    This lawsuit arises out of the alleged employment of Plaintiff Jenny M.

17   Luna ("Plaintiff"). On March 24, 2020, Plaintiff filed a Complaint in the Superior

18   Court of the State of California for the County of Los Angeles entitled Jenny M.

19   Luna, on behalf of herself and all others similarly situated v. Pronto California

20   General Agency, LLC, Arthur J. Gallagher Service Company, Inc., Arthur J.

21   Gallagher & Co., Arthur J. Gallagher & Co. Insurance Brokers of California, Inc.,

22   Arthur J. Gallagher Risk Management Services, Inc., H&H Agency, Inc., Dashers

23   Insurance Services, Inc., and DOES 1 through 100, inclusive, Case No.

24   20STCV11795 ("Complaint"). True and correct copies of the Complaint, and Civil

25   Cover Sheet are attached as **Exhibit A** to the Declaration of Raina Singer in Support

26   of Defendant's Notice of Removal ("Singer Decl.") filed concurrently herewith.

27   2.    The Complaint states the following claims for relief: (1) Failure to Pay

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7
2
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT

1    Overtime Wages; (2) Failure to Pay Minimum Wages; (3) Failure to Provide Meal

2    Periods or Compensation in Lieu Thereof; (4) Provide Rest Periods or

3    Compensation in Lieu Thereof; (5) Failure to Pay Due Wages at Termination; (6)

4    Wage Statement Violations; and (7) Violation of California Business and

5    Professions Code §§ 17200, et seq.  (Singer Decl.¶3, Exh. A.)

6    　　　3.　　On March 24, 2020, a Summons was filed by Plaintiff and issued by

7    the Los Angeles County Superior Court. A true and correct copy of the Summons is

8    attached as **Exhibit B** to the Singer Declaration filed concurrently herewith.

9    　　　4.　　On March 24, 2020, the Los Angeles County Superior Court  issued a

10   Notice of Case Assignment, which was filed by the Clerk. A true and correct copy

11   of the Notice of Case Assignment is attached as **Exhibit C** to the Singer Declaration

12   filed concurrently herewith.

13   　　　5.　　On May 12, 2020, Pronto, Arthur J. Gallagher & Co. Insurance Brokers

14   of California, Inc., and Arthur J. Gallagher Risk Management Services, Inc. were

15   personally served. A true and correct copy of the Proofs of Service are attached as

16   **Exhibit D** to the Singer Declaration filed concurrently herewith.

17   　　　6.　　On April 20, 2020, Plaintiff filed a Notice of Change of Address or

18   Other Contact Information. A true and correct copy of the Notice of Change of

19   Address or Other Contact Information is attached as **Exhibit E** to the Singer

20   Declaration filed concurrently herewith.

21   　　　7.　　On May 20, 2020, the Los Angeles County Superior Court issued an

22   Initial Status Conference Order, and the Clerk filed the Initial Status Conference

23   Order, Minute Order, and Certificate of Mailing for the Initial Status Conference

24   Order. A true and correct copy of the Initial Status Conference Order, Minute Order,

25   and Certificate of Mailing for the Initial Status Conference Order are attached as

26   **Exhibit F** to the Singer Declaration filed concurrently herewith.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7

3

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT

8.     On May 28, 2020, Plaintiff filed the Notice of Initial Status Conference. A true and correct copy of the Notice of Initial Status Conference are attached as **Exhibit G** to the Singer Declaration filed concurrently herewith.

9.     On June 10, 2020, Defendants Pronto, Arthur J. Gallagher Service Company, Inc., Arthur J. Gallagher & Co., Arthur J. Gallagher & Co. Insurance Brokers of California, Inc., Arthur J. Gallagher Risk Management Services, Inc., H&H, and Dashers Insurance Services, Inc. filed an Answer to Plaintiff's Complaint. A true and correct copy of Defendants' Answer is attached as **Exhibit H** to the Singer Declaration filed concurrently herewith.

10.    To Defendants' knowledge, as of the date of this Notice of Removal, no other parties have been served with a copy of the Summons and Complaint. (Singer Decl. ¶11.)

11.    To Defendants' knowledge, no other pleadings, process, or orders related to this case have been filed with the Superior Court of the State of California, County of Los Angeles. (Singer Decl. ¶12.)

## II.     COMPLIANCE WITH PROCEDURAL REQUIREMENTS

12.    A notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. §1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the Summons and Complaint). Here, Defendants Pronto, AJG & Co. Insurance, and AJG Risk Management Services were served on May 12, 2020. (Singer Decl., ¶6) As such, this Notice of Removal is timely.

13.    Under CAFA, '[a] class action may be removed … by any defendant without the consent of all defendants." 28 U.S.C. § 1453(b).

14.    In accordance with 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served in this action must join in or consent to this removal

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   under 28 U.S.C. § 1331.  The following Defendants have been served: Pronto,

2   Arthur J. Gallagher & Co. Insurance Brokers of California, Inc., and Arthur J.

3   Gallagher Risk Management Services, Inc. The Defendants listed in this paragraph

4   consent to removal and expressly reserve, and do not waive, all defenses, including

5   lack of personal jurisdiction.

6   **III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

7   **UNDER CAFA**

8       15.     This action is a civil action over which the Court has original

9   jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28

10  U.S.C. § 1332(d).

11      16.     CAFA grants federal district courts original jurisdiction over civil class

12  action lawsuits in which any plaintiff is a citizen of a state different from any such

13  actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets

14  each CAFA requirement for removal, and is timely and properly removed by the

15  filing of this Notice. Specifically, this Court has jurisdiction over this case under

16  CAFA because it is a civil class action wherein: (1) the proposed class contains at

17  least 100 members; (2) Defendants are not a state, state official, or other

18  governmental entity; (3) there is diversity between at least one class member and

19  one defendant; and (4) the amount in controversy for all class members exceeds $5

20  million.

21      **A.     The Proposed Class Contains More Than 100 Members.**

22      17.     As set forth in the Complaint, Plaintiff pursues her alleged claims

23  on behalf of herself and "a class of all current and former non-exempt  employees of

24  Defendants within the State of California at any time commencing four (4) years

25  preceding the filing of Plaintiff's [C]omplaint up until the time that the notice of the

26  class action is provided to the class[.]" (Singer Decl. ¶3, Exh. A at ¶27.)

27      18.     While Plaintiff does not allege an estimate of the size of the putative

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7
5
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT

1   class, Defendants Pronto and H&H's employment records show that there were

2   approximately 378 individuals who fall within Plaintiff's class definition from

3   March 26, 2016 to present. (Declaration of Cindy Barrios ("Barrios Decl.") ¶7.)

4   Accordingly, there are more than 100 members in the putative class.

5         **B.**    **Defendants Are Not A Governmental Entity.**

6         19.    No Defendant is a state, state official,  or any other governmental

7   entity. (Declaration of Bill Schreiner ("Schreiner Decl.") ¶5.)

8         **C.**    **Plaintiffs' Citizenship Is Diverse From At Least One Defendants**

9         20.    CAFA's minimal diversity requirement is satisfied when "any member

10  of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.

11  §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because

12  Plaintiff and at least one Defendant, Defendant Pronto, are citizens of different

13  states since Plaintiff is a citizen of California, while Defendant Pronto is a citizen of

14  Delaware and Texas.

15       21.    For purposes of removal, the citizenship of Doe defendants is

16  disregarded and only named defendants are considered. 28 U.S.C. § 1441(a);

17  *Accord, Newcombe v. Adol Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (citing

18  28 U.S.C. § 1441(a)).

19       22.    Does 1 through 100, inclusive, are wholly fictitious. The Complaint

20  does not set forth the identity or status of any said fictitious defendants, nor does it

21  set forth any charging allegation against any fictitious defendants. The citizenship of

22  these Doe defendants is to be disregarded for the purposes of determining diversity

23  jurisdiction, and thus cannot destroy the diversity of citizenship between the parties

24  in this case. 28 U.S.C. § 1441(a). *Accord*, *Newcombe*, 157 F.3d at 690-91 (citing 28

25  U.S.C. § 1441(a). Furthermore, because the Doe defendants have not yet been

26  served, they need not join or consent to Defendants' Notice of Removal. *Salveson v.*

27  *Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7

6

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT

1  defendants not yet served in the state court action need not join in the notice of

2  removal), superseded by statute on other grounds in *Ethridge v. Harbor House Rest.*,

3  861 F.2d 1389 (9th Cir. 1988).

### D.   Plaintiff is a Citizen of California

23.   For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Clew & Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986).

24.   In a class action, only the citizenship of the named parties is considered for diversity purposes, not the diversity of putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

25.   According to the Complaint, at all times mentioned therein, Plaintiff is an individual residing in the State of California, County of Los Angeles. (Singer Decl. ¶3, Exh. A at ¶10.) This allegation by Plaintiff establishes that she is a citizen of the State of California. *See Kanter*, 797 F.2d at 751(allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. Mar. 14, 2008) (place of residence proves "prima facie" case of domicile).

### E.   Defendant Pronto is Not a Citizen of California

26.   For purposes of determining subject matter jurisdiction under CAFA, a limited liability company is an "unincorporated association."[1] *Ferrell v. Express*

---

[1] The citizenship of LLCs may be treated differently in other situations, but as the Fourth Circuit explained, for purposes of CAFA, it is treated as an "unincorporated (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Check Advance of South Carolina LLC*, 591 F.3d 698, 705 (4th Cir. 2010); *see also, e.g., Marroquin v. Fargo*, Case No. 11cv163-L(BLM), 2011 U.S. Dist. LEXIS 10510, at *4 (S.D. Cal. Feb. 3, 2011) (treating defendant LLC like an unincorporated association for CAFA diversity jurisdiction determination purposes); *Cagle v. C&S Wholesale Grocers, Inc.*, Case No. 2:13-cv-02134-MCE-KJN, 2014 U.S. Dist. LEXIS 21571, at *8-9 (E.D. Cal. Feb. 18, 2014) (acknowledging the rule that the citizenship of an LLC is determined by the state where the party has its principal place of business and the state under whose law it is organized under CAFA). An LLC is thus a citizen of the state under whose laws it is organized and where it has its principal place of business. 28 U.S.C. § 1332(d)(10).

27.    Defendant Pronto is a limited liability company organized under the laws of the State of Delaware and has its principal place of business in the State of Texas. (Schreiner Decl. ¶¶6,7 .)

28.    Defendant Pronto's principal place of business is in the State of Texas because it is where its officers "direct, control, and coordinate" activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (concluding that a "principal place of business" is normally the headquarters, provided that the headquarters, provided that the headquarters is the "actual center of direction, control, and coordination.") (Schreiner Decl. ¶7.)

29.    Specifically, Defendant Pronto's headquarters and principal executive office is located in Brownsville, Texas. (Schreiner Decl. ¶7.) Defendant's officers are based in the State of Texas. Finally, a substantial majority of Pronto's business decisions, including operational, executive, and administrative policy decisions like human resources and benefits, are made at its Texas headquarters. *Id*. Thus, Defendant Pronto is a citizen of Delaware and Texas.

---

association."

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

30.    The diversity of citizenship between Plaintiff (California) and Defendant Pronto (Delaware or Texas) satisfies CAFA's minimal diversity requirement, which requires only that citizenship of "any member of a class" be diverse from "any defendant." 28 U.S.C. 1332(d)(2)(A). Because the named Plaintiff is a California resident and Defendant Pronto is a citizen of Delaware and Texas, the "minimal diversity" requirement is satisfied.

## IV.    THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

31.    To remove a case under CAFA, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Oper. Co. LLC v. Brandon W. Owens*, 135 S.Ct. 547,554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S.REP.109-14, at 42 (2005) (citation omitted).

32.    In determining the amount in controversy, courts may consider "evidence outside the complaint, including affidavits or declarations, or other summary judgment type evidence relevant to the amount in controversy" at the time of removal. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (internal quotations omitted). A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of the violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant ill actually owe. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy.").

33.    Defendants dispute that the proposed class could ever be certified

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7
9
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

1  or that Defendants are liable for any of the claims Plaintiff asserts in the Complaint.[2]

2  (Exhibit A [Complaint].) Nevertheless, Defendants submit that the aggregate

3  amount in controversy, exclusive of interests and costs, exceeds $5,000,000. 28

4  U.S.C. § 1332(d)(6).

5      34.    Although Plaintiff does not plead a specific amount of damages,

6  Defendants can easily demonstrate that the aggregate amount in controversy exceeds

7  $5,000,000. *Ibarra*, 775 F.3d at 1197 (if damages are unstated in a complaint, or, if

8  damages are understated in defendant's view, "[t]he parties may submit evidence

9  outside the complaint, including affidavits or declaration . . . relevant to the amount

10  in controversy at the time of removal.").

11      35.    In her Complaint, Plaintiff brings claims for: (1) unpaid minimum

12  wages; (2) unpaid overtime wages; (3) meal period violations; (4) rest period

13  violations; (5) failure to pay timely wages; (6) failure to pay accurate wage

14  statements; and (7) unfair business practices. (Singer Decl. ¶3, Exh.A.)

15      36.    Plaintiff seeks the following relief on behalf of herself and the

16  putative class:

---

19  [2] Defendants deny that liability or damages can be established either as to Plaintiff

20  or on a class-wide basis. Defendants do not concede, and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action may properly

21  proceed as a class action. Defendants do not concede and reserves the right to contest, at the appropriate time, that any of Plaintiffs' allegations constitute a cause

22  of action against it under applicable California law. No statement or reference contained herein shall constitute an admission of liability or a suggestion that

23  Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. Defendants' notice seeks only to establish

24  that the amount in controversy is more likely than not in excess of CAFA's jurisdictional minimum. "The amount in controversy is simply an estimate of the

26  total amount in dispute, not a prospective assessment of [Defendant's] liability."

27  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

a:    Damages for all wages earned and owed, including minimum and overtime wages under Labor Code section 510, 1194, 1197 and 1199;

b:    Liquidated damages pursuant to Labor Code sections 1194.2;

c:    Damages for unpaid premium wages from missed meal and rest periods under, among other Labor Code sections, 512 and 226.7;

d:    Penalties for inaccurate wage statements under Labor Code section 226, subdivision (e);

e:    Damages for unpaid penalty wages under Labor Code section 203;

f:    Restitution of wages and benefits due which were acquired by means of any unfair business practice, according to proof;

g:    Prejudgment and post-judgment interest at the maximum rate allowed by law;

h:    For attorneys' fees in prosecuting this action;

i:    For costs of suit incurred herein; and

j:    For such other and further relief as the Court deems just and proper. (*Id.*)

37.    The amount in controversy requirement under CAFA can easily be met by making reasonable assumptions about the putative class and by focusing on the above-mentioned damages and penalties that Plaintiff seeks to pursue using Defendants Pronto and H&H class information only.

**A.    First Cause of Action for Unpaid Overtime Wages**

38.    In her first cause of action, Plaintiff alleges that at all relevant times mentioned, Plaintiff and Class Members, at times, worked for Defendants during shifts that consisted of more than eight (8) hours in a workday and/or more than forty hours in a workweek, and/or seven (7) consecutive workdays in a workweek, without, at times, being paid overtime wages for all hours worked as a result of,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    including but not limited to Defendants failing to accurately track and/or pay for all

2    hours actually worked by including, but not limited to, detrimental rounding or

3    manipulation of time entries; paying overtime wages at the regular rate or otherwise

4    inaccurate rate(s) of pay; and failure to include all forms of remuneration, including

5    non-discretionary bonuses and/or incentive pay, into the regular rate of pay for the

6    purpose of calculating the overtime rate of pay, by Plaintiff and other similarly

7    situated employees in the State of California. (Singer Decl. ¶3, Exh. A at ¶40.)

8        39.    The Complaint alleges various theories of violations leading to unpaid

9    overtime liability: an unlawful rounding practice, manipulation of time entries,

10    paying the overtime rate at the regular rate or otherwise inaccurate rate of pay, and

11    failing to take into account all forms of remuneration including non-discretionary

12    bonuses and/or incentive pay, into the regular rate of pay for purposes of calculating

13    overtime rate of pay. (*Id*.)

14        40.    Based on these allegations, Plaintiff seeks to recover alleged unpaid

15    overtime wages, interests and penalties thereon, attorneys' fees and costs, pursuant

16    to Labor Code sections 1194 and 1199, Code of Civil Procedure sections 1021.5 and

17    1032, and Civil Code section 3287, on behalf of herself and the putative class.

18    (Singer Decl. ¶3, Exh. A at ¶42.)

19        41.    Based on Plaintiff's assertions, it can be reasonably assumed that the

20    alleged practice of detrimental rounding and manipulation of time entries is one that

21    affects daily time and wages.

22        42.    For purposes of determining the amount in controversy for the alleged

23    unpaid overtime wages underlying Plaintiff's First Cause of Action, and based on

24    three distinct theories of liability alleged as the bases for Plaintiff's claims for

25    unpaid overtime wages alleged in the Complaint, Defendant has reasonably and

26    conservatively assumed that each of the class members will claim to have worked

27    only: (1) six (6) minutes (0.10 hours) of unpaid time per day worked based on

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff's allegations that Plaintiff and Class Members were not compensated for work due to (1) six minutes (0.10) of unpaid time per day based on Plaintiff's allegations that Defendants maintained a detrimental rounding policy; and (2) six minutes (0.10) of unpaid time per day based on Plaintiff's allegations that Defendants manipulated/altered timecards. This totals to 1 hour per week.

43.     Additionally, Plaintiff alleges that her and the Class Members worked for Defendants during shifts that consisted of more than seven (7) consecutive days without properly compensating overtime wages at the proper overtime rate. (Singer Decl., Exh.A ¶¶40,41.) Therefore, it is reasonable to assume from the allegations in the Complaint that class members worked seven consecutive days in a row once per month.

44.     From March 24, 2016 through the present, Defendants Pronto and H&H employed approximately 378 non-exempt employees who worked approximately 24,797.57 workweeks. (Barrios Decl. ¶7.) The average hourly rate of pay of class members is $14.45.( *Id*. at ¶8.)

45.     Utilizing a conservative violation rate of only one hour of unpaid wages per week, and using the average hourly rate of Defendants' non-exempt employees during the statutory period $14.45, the amount in controversy related solely to Plaintiff's overtime claim resulting from detrimental rounding and/or manipulation of time entries is calculated as follows: $14.45 hourly rate x 1.5 overtime rate x 1 hours of unpaid wages per week x 24,797.57 workweeks = $537,487.33

46.     Utilizing the conservative assumption that class members worked seven consecutive days once per month , and using the average hourly rate of Defendants' non-exempt employees during the statutory period of $14.45, the amount in controversy related solely to Plaintiff's overtime claim resulting from seven consecutive days of work is calculated as follows: ($14.45 hourly rate x .5 overtime

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   rate x 8 hours of unpaid overtime wages x 6,199.39 workweeks) = $358,324.74[3].

2   47.    In total, the amount in controversy for Plaintiff's alleged overtime

3   claim is **$895,812.07.**

4   **B.    <u>Second Cause of Action for Unpaid Minimum Wages</u>**

5   48.    Plaintiff alleges that Defendants failed to, on occasion, pay Plaintiff

6   and the Class Members for all hours worked as a result of, including but not limited

7   to, Defendants paying wages below the minimum wage, failing to accurately track

8   and/or pay for all hours worked including but not limited to, detrimental rounding or

9   manipulation of time entries and failing to pay split shift premiums. (Singer Decl.

10  ¶3, Exh. A at ¶46.)

11  49.    The Complaint alleges three different theories of violations leading to

12  unpaid minimum wage liability: an unlawful rounding practice, manipulation of

13  time entries, and failing to pay split shift premiums. (*Id.*) Based on Plaintiff's

14  assertions, it can be reasonably assumed that the alleged practice of detrimental

15  rounding and manipulation of time entries is one that affects daily time and wages.

16  50.    Based on these allegations, Plaintiffs seeks to recover the full amount

17  of alleged unpaid minimum wages, interest and penalties thereon, liquidated

18  damages, attorneys' fees and costs, pursuant to Labor Code sections 218.6, 1194,

19  1194.2, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section

20  3287, on behalf of herself and the putative class. (Singer Decl. ¶3, Exh. A at ¶48.)

21  51.    For purposes of determining the amount in controversy for the alleged

22  unpaid minimum wages underlying Plaintiff's Second Cause of Action, and based

23  on three distinct theories of liability alleged as the bases for Plaintiff's claims for

24  unpaid minimum wages alleged in the Complaint, Defendant has reasonably and

25  conservatively assumed that each of the class members will claim to have worked

---

[3] This calculation assumes that class members were already paid regular hourly wages and worked a full eight hour shift on the seventh consecutive day.

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

only: (1) six minutes (0.10) of unpaid time per day based on Plaintiff's allegations that Defendants maintained a detrimental rounding policy; and (2) six minutes (0.10) of unpaid time per day based on Plaintiff's allegations that Defendants manipulated/altered timecards. This totals to 1 hour per week. Additionally, Plaintiff alleges that Defendants failed to pay split shift premiums. In order for a split shift premium to be owed, an employee's work schedule must be interrupted by a non-paid and non-working time period between shifts that needs to be longer than a bona fide meal period in the same workday. Therefore, reasonably assuming the class had one split shift per week, Defendants conservatively assume only 1 hour of time in between 2 shifts in one day. Thus, for removal purposes, Defendants conservatively utilize 2 hours of alleged unpaid time per week in total.

52.     At the time of the filing of the Complaint, the minimum wage of employers who employ 26 or more employees is $13.00/hr.

53.     From March 24, 2016 through June 1, 2020, Defendants Pronto and H&H employed approximately 378 non-exempt employees who worked approximately 24,797.57 workweeks. (Barrios Decl. ¶7.)

54.     Utilizing a conservative violation rate of two hours of unpaid wages per week, and using the current minimum wage hourly rate of $13.00, the amount in controversy related solely to Plaintiff's minimum wage claim is calculated as follows: $13.00 x 2 hours of unpaid wages per week x 24,797.57 workweeks = $644,736.82.

55.     Plaintiff also seeks liquidated damages. Since liquidated damages are equal to the amount of unpaid wages, the amount in controversy for liquidated damages is approximately $644,736.82.

56.     In total, the amount in controversy for Plaintiff's alleged minimum wage claim is **$1,289,473.64**.

**C.**     **Plaintiff's Third Cause of Action for Failure to Provide Meal Periods or Compensation In Lieu Thereof**

57.     With respect to Plaintiff's third cause of action for failure to provide meal periods, the Complaint alleges that for at least for years prior to the filing of this action and continuing into the present, Defendants have, at times, failed to provide Plaintiff and other similarly situated employees or former employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employee worked more than five (5) hours in a work day and a second (30) minute uninterrupted meal period for days on which employees worked in excess of ten (10) hours in a work day, and failed to provide compensation for such unprovided [sic] meal periods. (Singer Decl. ¶3, Exh. A at ¶4.)

58.     Based on these allegations, Plaintiff seeks to recover the full amount of alleged additional pay for missed meal periods plus interest and penalties thereon and attorneys' fees and costs pursuant to Labor Code sections 226 and 226.7, Code of Civil Procedure sections 1021.5 and 1032, and Civil Code section 3287, on behalf of herself and the putative class. (Singer Decl. ¶3, Exh. A at ¶55.)

59.     Based on reasonable assumptions drawn from the Complaint, Defendants reasonably assume two meal period violations per week.

60.     From March 24, 2016 through the present, Defendants Pronto and H&H employed approximately 378 non-exempt employees who worked approximately 24,797.57. workweeks. (Barrios Decl. ¶7.) The average hourly rate of pay of  class members is $14.45. (*Id*. at  ¶8.)

61.     Utilizing a conservative violation rate of two meal period violations per week, and using the average hourly rate of $14.45, the amount in controversy related solely to Plaintiff's meal period claim is calculated as follows: $14.45 x 2 meal period violation per week x 24,797.57. workweeks=**$716,649.77.**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

D.    **Plaintiff's Fourth Cause of Action for Failure to Provide Rest Periods or Compensation In Lieu Thereof**

62.    With respect to Plaintiff's fourth cause of action for failure to provide rest periods, the Complaint alleges that for at least for years prior to the filing of this action and continuing into the present, Defendants have, on occasion, failed to provide Plaintiff and similar situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof and failed to provide compensation for such unprovided [sic] rest periods. (*Id*. at Exh. A ¶5.)

63.    Based on these allegations, Plaintiff seeks to recover the full amount of premium pay for allegedly unprovided [sic] rest periods, interest and penalties thereon, and costs of suit pursuant to Labor Code section226.7, Code of Civil Procedure section 1032 and Civil Code section 3287, on behalf of herself and the putative class. (Singer Decl. ¶3, Exh. A at ¶61.)

64.    Based on reasonable assumptions drawn from the Complaint, Defendants reasonably assume two rest period violations per week, which is assuming a conservative estimate of a 40% violation rate[4].

65.    From March 24, 2016 through the present, Defendants Pronto and H&H employed approximately 378 non-exempt employees who worked approximately 24,797.57. workweeks. (Barrios Decl. ¶7.) The average hourly rate of pay of  class members is $14.45. (*Id*. at  ¶8.)

66.    Utilizing a violation rate of two rest periods per week, and using the average hourly rate of $14.45, the amount in controversy related solely to Plaintiff's rest break claim is calculated as follows: $14.45 x 2 rest period violation per week x 24,797.57. workweeks=**$716,649.77.**

---

[4] This violation rate assumes that class members worked five shifts per week and shifts of ten hours or less.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

E.    **Plaintiff's Fifth Cause of Action for Waiting Time Penalties**

67.    For her Fifth Cause of Action, Plaintiff seeks waiting time penalties pursuant to Labor Code section 203. Specifically, Plaintiff alleges that due to Defendants' occasional failure to pay Plaintiff and Class Members all wages earned and unpaid, including overtime wages and minimum wages, Defendants failed to pay all wages earned prior to termination, which was willful. (Singer Decl. ¶3, Exh. A at ¶¶ 65,66.) Defendants had to the ability to pay all wages earned by Plaintiff and Class Members at the time of termination in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. (*Id.* at Exh. A ¶66.) Plaintiff further alleges that Plaintiff and Class Members are entitled to penalty wages from the date of their earned and unpaid wages were due, upon termination, until paid, up to a maximum of thirty (3) days. (*Id.* at Exh. A ¶68.)

68.    Based on Plaintiff's allegations that Defendants intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202, along with the allegation that Defendants' maintained a detrimental rounding policy, it is reasonable to assume such policies affect daily wages, and therefore Defendants assume a 100% violation rate.

69.    According to Defendants Pronto and H&H's records, there are at least 229 former non-exempt employees between March 26, 2017 to June 1, 2020. Barrios Decl. ¶11. Defendants' non-exempt employees generally work eight (8) hours per shift and/or forty (40) hours per week. (Barrios Decl. ¶10.) The average hourly rate of pay of class members is $14.54. (*Id.* at ¶11.)

70.    Accordingly, although Defendants deny Plaintiff's allegations, including any alleged damages, even assuming (1) minute of unpaid wages based on Plaintiff's allegations of a detrimental rounding system practice and based on the reasonable assumption that the putative class would receive waiting time penalties

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

based on eight-hour days for thirty days, and using the average hourly rate of $14.53, the amount in controversy related solely to Plaintiff's waiting time penalties claim is calculated as follows: $14.54 x 8 hours per day x 30 days maximum waiting time penalties = $3,489.60  per putative class member x 229 potential class members =**$799,118.40.**

**F.    Plaintiff's Sixth Cause of Action for Failure to Provide Accurate Wage Statements**

71.    For her Sixth Cause of Action, Plaintiff alleges that Defendants' failed to provide accurate wage statements. Specifically, Plaintiff alleges that Defendants at all relevant times failed to furnish employees with itemized wage statements that accurately reflect the hours worked by Plaintiff and similarly situated employees and the rates of pay at which they should have been, thus resulting in a failure to reflect gross and net wages earned and paid at each rate. (Singer Decl. ¶3, Exh. A at ¶76.) Plaintiff further alleges that Plaintiff and the Class Members are entitled to recover the full amount of penalties due Labor Code section 226. (*Id*. at Exh. A ¶79.)

72.    The wage statement cause of action has a one-year limitations period (i.e., March 24, 2019 to June 1, 2020) and is not affected by the unfair business practices claim. Potential penalties are $50 per person for the initial pay period, and $100 per person for each later pay period, up to a maximum of $4000 per employee.

73.    While Defendants deny the validity and merit of Plaintiff's wage statement claims, for purposes of removal only, based on the allegations in the Complaint, there were 236 non-exempt employees employed by Defendant Pronto during the one year statute of limitations period each of whom allegedly received incorrect itemized wage statements every pay period based on the reasonable assumption that at least one minute of unpaid wages was owed to each member of the class due to the Plaintiff's allegations of a detrimental rounding policy that can

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7
19
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

1  be reasonably assumed to affect daily wages, incorrect overtime rate, and other

2  unpaid wages theories, and therefore it is reasonable to assume a 100% violation

3  rate. (Barrios Decl. ¶12.)

4      74.    Given that Defendant Pronto pays its employees semi-monthly during

5  the relevant statutory period, these 236 non-exempt employees were issued

6  approximately 4,354 wage statements during this period. ( *Id*.) The amount in

7  controversy is calculated by multiplying the number of initial pay periods for each

8  employee by the penalty rate of $50, which calculates to $11,800. The remaining

9  4,118 wage statements are then multiplied by $100, which calculates to $411,800.

10  This results in approximately **$423,600** in penalties for the Labor Code section 226

11  wage statement claim.

12      **G.    <u>Attorneys' Fees</u>**

13      75.    For CAFA cases, attorneys fees awarded under fee-shifting statutes or

14  contracts are included in the amount in controversy. *Fritsch v. Swift Transp. Co. of*

15  *Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018). Further, a court must include future

16  attorneys' fees recoverable by statute or contract when assessing whether the

17  amount in controversy requirement is met. *Ibid*. The Defendant retains the burden,

18  however, of proving the amount of future attorneys' fees by a preponderance of the

19  evidence. *Ibid*.

20      76.    All of the *Labor Code* provisions for which Plaintiff seeks damages

21  include the provision of attorneys' fees.

22      77.    In general, a 25% benchmark of the potential damages constitutes

23  potential attorneys' fees. *Hanlon v. Chrysler Corp*. 150 F. 3d 1011, 1029 (9th Cir.

24  1998) (holding that where attorneys' fees are permissibly used in calculating the

25  amount in controversy, a benchmark of 25% of the common fund was appropriate).

26  Although this is not a per se rule, a 25% benchmark of attorneys' fees is generally

27  reasonable. *Arias v. Residence Inn*, 926 F.3d 920, 928 (9th Cir. 2019).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS
ACT

78.    In the case at hand, even without incurring the attorneys' fees, the stated amount in controversy thus far, which includes unpaid minimum and overtime wages, liquidated damages, meal and rest period violations, waiting time penalties, and wage statement penalties, is approximately $4,841,303.65. Applying a 25% benchmark to the sum results in attorneys' fees equals approximately **$1,210,325.91.**

79.    This results in a total amount in controversy of approximately **$6,051,629.56.**

## V.    VENUE

80.    This action was filed in the Superior Court of California for the County of Los Angeles. Venue properly lies in the United States District Court for the Central District of California, Western Division, because it is the district court where the state court action is pending. *See* U.S.C. §§84(c), 1391(a), and 1441(a).

81.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391, and 1446.

## VI.    NOTICE TO STATE COURT AND TO PLAINTIFFS' COUNSEL

82.    Promptly after the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be provided by the undersigned to Plaintiff's counsel of record, David D. Bibiyan, Bibiyan Law Group, and a copy of this Notice of Removal will be filed with the Clerk of the Los Angeles County Superior Court of California, as required by 28 U.S.C. § 1446(d). Singer Decl. ¶13.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendants remove this case from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California, Western Division.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4851-7713-9903.7
21
DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

1

2   DATED: June 11, 2020                   LEWIS BRISBOIS BISGAARD & SMITH LLP

3

4                                    By:      /s/ Raina Singer

5                                          Katherine C. Den Bleyker
                                           Vi N. Applen
6                                          Raina Singer
7                                          Attorneys for PRONTO CALIFORNIA
8                                          GENERAL AGENCY, LLC, ARTHUR J.
                                           GALLAGHER SERVICE COMPANY,
9                                          INC., ARTHUR J.GALLAGHER & CO.,
                                           ARTHUR J. GALLAGHER & CO.
10                                         INSURANCE BROKERS OF
11                                         CALIFORNIA, ARTHUR J.
                                           GALLAGHER RISK MANAGMENT
12                                         SERVICES, INC., H&H AGENCY, INC.,
13                                         and DASHERS INSURANCE SERVICES,
                                           INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CLASS ACTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT