UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS)** Plaintiff's Motion to Remand (DE 12)

## I.   INTRODUCTION

On March 24, 2020, Plaintiff Jenny M. Luna ("Plaintiff") filed a Complaint in state court against Defendants Pronto California General Agency, LLC, Arthur J. Gallagher Service Company, Inc., Arthur J. Gallagher & Co., Arthur J. Gallagher & Co. Insurance Brokers of California, Inc., Arthur J. Gallagher Risk Management Services, Inc., H & H Agency, Inc., and Dashers Insurance Services, Inc. (collectively, "Defendants"). Plaintiff's claims arise from alleged wage and hour violations committed by Defendants during the course of her employment with them. Plaintiff seeks to represent herself and all others similarly situated through the current class action. Plaintiff asserts the following claims under the California Labor Code: (1) Failure to Pay Overtime Wages, (2) Failure to Pay Minimum Wages, (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof, (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof, (5) Failure to Pay Due Wages at Termination, and (6) Wage Statement Violations. Plaintiff also asserts a seventh claim for Violation of Business and Professions Code § 17200 *et seq.*

On June 11, 2020, Defendants removed this action to federal court on the basis of CAFA jurisdiction. On July 6, 2020, Plaintiff filed the current Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

Plaintiff was employed by Defendants from approximately January 2017 through March 25, 2019. Plaintiff alleges that Defendants, at times, committed detrimental rounding, manipulated time entries, paid regular pay instead of overtime pay, and failed to properly calculate the proper rate of overtime pay. As a result, Plaintiff alleges that Defendants occasionally failed to pay all overtime or minimum wages, failed to provide meal and rest periods or compensation in lieu thereof, failed to pay all wages due at termination, and failed to provide accurate and compliant wage statements. Plaintiff seeks to represent herself and a class of all current and former non-exempt employees of Defendants within California at any time from four years prior to the filing of the Complaint up until notice of the class is given.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

### III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . . Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The removing party always bears the burden of establishing that removal is proper. *Id.*

The enactment of CAFA does not alter this rule. *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) ("[When enacting CAFA] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction."). Although a presumption against federal jurisdiction exists in run-of-the-mill diversity cases, "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Under CAFA, district courts are vested with original jurisdiction over putative class actions where (1) the amount in controversy exceeds $5 million (2) the class members number at least 100, and (3) at least one plaintiff is diverse from any one defendant. 28 U.S.C. §1332(d)(2).

The defendant removing the case to federal court bears the burden of establishing jurisdictional facts, namely the complete diversity of the parties and the amount in controversy. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus*, 980 F.2d at 566–67 (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

### IV. DISCUSSION

Defendants failed to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million because they relied on unreasonable assumptions in light of the evidence and the Complaint's allegations. Plaintiff's Motion to Remand must be granted.

A removing party's notice of removal need include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89. However, when a plaintiff challenges the defendant's assertion of the amount in controversy, evidence establishing the amount is required. *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy requirement has been satisfied." *Id.* at 88; *see* 28 U.S.C. § 1446(c)(2)(B). Where a dispute exists, "the district court must make findings of jurisdictional fact to which the preponderance standard applies." *Dart Cherokee*, 574 U.S. at 89 (quoting H.R.Rep. No 112–10, p. 16 (2011)).

"Along with the complaint, [the court] considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

*Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018). When the plaintiff disputes that the amount in controversy is satisfied, "[c]onclusory allegations as to the amount in controversy are insufficient" to satisfy the removing party's burden of proof. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). "[A] defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). However, in addressing the amount in controversy, a removing defendant is permitted to rely on "a chain of reasoning that includes assumptions." *Arias v. Residence Inn*, 936 F.3d 920, 925 (9th Cir. 2019), quoting *Ibarra*, 775 F.3d at 1199. Such assumptions cannot be pulled from thin air but need some reasonable ground underlying them. *Id.* An assumption may be reasonable if it is founded on the allegations of the complaint. *Id.*

### A.   Amount in Controversy

Defendants contend that based on calculations related to Plaintiff's claims, the $5 million amount in controversy requirement is satisfies. The Court disagrees.

#### 1.   Waiting Time and Wage Statement Penalties

Defendants estimate $799,118.40 for waiting time penalty violations and $423,600 for wage statement violations. (Defs.' Notice of Removal at 19–20, ECF No. 1.) Defendants' calculation assumes both (1) 100% violation rate for wage statement violations and (2) 100% violation rate for waiting time penalties. Defendants argue that, given the numerous theories pled in the Complaint (detrimental rounding, timecard manipulation, etc.), it is reasonable to assume 100% violation rates. Defendants are wrong. This case bears similarity to *Ibarra*, where the court found that plaintiff's allegations of a "pattern and practice" of doing something does not give rise to the assumption that a violation occurred in each and every shift. *Ibarra*, 775 F.3d at 1198–99 (holding "a 'pattern and practice' of doing something doesn't necessarily mean always doing something."); *see, e.g., Hayes v. Salt & Straw, LLC*, No. CV 20-03063-CJC (KSx), 2020 U.S. Dist. LEXIS 92475, at *11–15 (C.D. Cal. May 27, 2020) (holding it was unreasonable to assume 100% violation rates where the plaintiff alleged a "pattern and practice" of waiting time penalty and wage statement violations). By contrast, a 100% violation rate on a wage statement claim was found reasonable where the complaint alleged that "not one" of the wage statements was compliant. *Arias*, 936 F.3d at 926–27.

Here, it is unreasonable to assume a 100% violation rate for both waiting time and wage statement penalties because the Complaint alleges violations occurred "on occasion" or "at times." (Compl. ¶¶ 25, 65, 66, 77, ECF No. 1–2.) If alleging a uniform pattern and practice is insufficient to reasonably support the assumption of a 100% violation rate, then alleging that violations occurred on occasion or at times is clearly insufficient. Defendants provide no evidentiary basis for their argument that the inherent nature of rounding and time manipulation means that there is a 100% violation rate, and this violation rate is not supported by Plaintiff's allegations in the Complaint. Defendants fail to present facts showing that their assumption of a 100% violation rate for both waiting time penalties and wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

statement violations was reasonable. Without these damages factored in to the calculation, Defendants fail to reach the amount in controversy threshold.

        2.        Overtime and Minimum Wages

With regard to Plaintiff's claims for unpaid overtime and unpaid minimum wages, Defendants' calculation of the amount in controversy assumes that (1) each employee worked 12 unpaid minutes per day, (2) those 12 minutes would constitute both unpaid overtime and unpaid minimum wages, (3) each employee worked seven consecutive days without overtime pay at least once per month, and (4) each employee had one missed split-shift premium per week. Defendants provide no evidentiary basis for why any of the above assumptions are reasonable. Plaintiff alleges only that Defendants failed to pay all overtime and minimum wages due "at times" or "occasionally." (Compl. ¶¶ 20, 40, 41, 46.) As discussed above, high violation rates can be assumed only if they are reasonable. Based on Plaintiff's allegations of "occasional failure" to pay all wages, Defendants' assumption that every single employee was underpaid 12 minutes every single day is unreasonable. Plaintiff's Complaint here is distinguishable from cases like *Arias*, where the court found it was reasonable to assume six minutes of unpaid time per employee per day because the plaintiff alleged that the employer "routinely" failed to pay overtime. *Arias*, 936 F.3d at 926–27. Furthermore, Defendants provide no explanation for why these 12 minutes would be counted as both overtime wages and minimum wages, when logically, the time could be only one or the other. Given Plaintiff's allegations, Defendants' assumptions are unreasonable. Without these damages, the case does not meet the amount in controversy threshold.

        3.        Meal and Rest Break Periods and Attorney's Fees

In light of the Court's findings above, even if Defendant's calculations regarding meal and rest break periods[1] and attorney's fees are proper, they are insufficient to bring the amount in controversy over the threshold.

    **B.**    **Plaintiff's Citizenship**

Defendants relied on Plaintiff's statement of residence in California as prima facie evidence that Plaintiff is domiciled in California. Plaintiff argues that Defendants cannot conclusively rely on residence as evidence of domicile, but fails to present any evidence contradicting Defendants' assertion. Thus, because Plaintiff failed to rebut the presumption that she resides in California, Defendants have met their burden to show that Plaintiff is domiciled in California and is a citizen there for purposes of CAFA jurisdiction.

    **C.**    **Evidentiary Issues**

---

[1] The Notice of Removal's proposed 40% violation rate is unreasonable given that Plaintiff alleged "occasional failure" to provide meal and rest breaks. However, Defendants' assumption of a 20% violation rate (i.e., one missed rest break and one missed meal break per employee per week) in the Opposition's calculation is reasonable. Therefore, the Court accepts the assumed 20% violation rate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

The parties dispute evidence submitted by Defendants. Of relevance to the Court's findings are the sufficiency of Defendants' Declaration and Supplemental Declaration of Cindy Barrios, and Defendants' Request for Judicial Notice of Plaintiff's PAGA Complaint. The Court addresses each in turn.

    1.    Barrios Declaration

Plaintiff argues that the Declaration of Cindy Barrios submitted with the Notice of Removal, as well as her supplemental declaration filed along with Defendants' Opposition, lack foundation. The Court disagrees. Barrios was not obligated to produce every single document she relied on because her position as Defendants' Human Resources director attests to her credibility. Furthermore, she supplemented her declaration to explain how she reached her calculations. Courts in this district routinely accept declarations from human resource directors without all the underlying documents for the purposes of assessing the amount in controversy for CAFA jurisdiction. *E.g., Alvarez v. Office Depot, Inc.*, CV 17-7220 PSG (AFMx), 2017 U.S. Dist. LEXIS 197358, at *6 (C.D. Cal. Nov. 30, 2017) (collecting cases). However, even if the Court credits the entire Barrios Declaration, Defendants' calculations require making unreasonable assumptions and remand is still proper.

    2.    Request for Judicial Notice

A court may take judicial notice of facts that are not subject to reasonable dispute because they are either (1) generally known within the trial court's territorial jurisdiction or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. § 201(b).

Defendants' request to judicially notice Plaintiff's PAGA Complaint is denied, as it is not relevant to the instant Motion. The PAGA Complaint was not filed until after Defendants removed this case from federal court. When assessing the amount in controversy, the court "considers allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy **at the time of removal**.'" *Fritsch*, 899 F.3d at 793 (emphasis added). Because the PAGA Complaint was filed after Defendants removed the case, it was not relevant to the amount in controversy at the time of removal. Furthermore, the PAGA Complaint was filed in a different court, on behalf of a different real party in interest, seeking different relief. Thus, its allegations are not relevant to the matter at hand and the Court declines to take judicial notice of the PAGA Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05223-RGK-KS | Date | August 19, 2020 |
|---|---|---|---|
| Title | *LUNA v. PRONTO CALIFORNIA GENERAL AGENCY, LLC, et al* | | |

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion. The action is **REMANDED** in its entirety.

:

Initials of Preparer